UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., | 2:12-CV-1528 JCM (PAL) |
| Plaintiff(s), | |
| v. | |
| LA REYNA MEXICAN RESTAURANT & MARISCOS LLC, et al., | |
| Defendant(s). | |

**ORDER**

Presently before the court is defendants La Reyna Mexican Restaurant & Mariscos, LLC and Nasario Macias' motion for summary judgment or in the alternative motion for partial summary judgment. (Doc. # 20). Plaintiff J&J Sports Productions, Inc. responded. (Doc. # 22).[1] Defendants replied. (Doc. # 25).

Also before the court is defendants' motion for partial summary judgment for ruling that plaintiff must make an election to recover under its theory of statutory violation of signal piracy laws or conversion, not both. (Doc. # 21). Plaintiff responded. (Doc. # 24). Defendants replied. (Doc. # 27).

. . .

---

[1] Plaintiff also responded to defendants' "separate statement of uncontroverted facts" (doc. # 20-9). (Doc. # 23).

**James C. Mahan**
**U.S. District Judge**

## I. Background

Plaintiff J & J Sports Productions, Inc. is a commercial distributor and licensor of sports programming. By contract, plaintiff was granted the exclusive nationwide commercial distribution to *"200: Celebrate and Dominate": Shane Mosley v. Sergio Mora, Championship Fight Program* telecast ("the program") on Saturday, September 18, 2010. Plaintiff subsequently entered into subleasing agreements with various commercial entities by which it granted these entities limited sublicensing rights to publicly exhibit the program with its respective commercial establishments in the hospitality industry.

Defendant Nasario Macias operates a commercial establishment "La Reyna Mexican Restaurant & Mariscos, LLC" in Las Vegas, Nevada–the entity is also named as a defendant. Without plaintiff's authorization, defendants La Reyna Mexican Restaurant & Mariscos, LLC and Macias intercepted and exhibited the program at the commercial establishment.

On August 28, 2012, plaintiff brought its complaint against defendants. (Doc. # 1). On August 31, 2012, plaintiff filed an amended complaint. (Doc. # 5). Plaintiff alleges violations of (1) 47 U.S.C. § 605; (2) 47 U.S.C. § 553; and (3) conversion. (*Id.*). Defendants moves for summary judgment contending that the broadcast was lawful because they obtained the program from Dish Network and therefore there was no unauthorized reception of the signal. (Doc. # 20). Defendants also argue that Macias cannot be held personally liable under plaintiff's claims and further that plaintiff cannot recover under both the federal statutes and its cause of action for conversion. (Doc. # 21).

## II. Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

James C. Mahan
U.S. District Judge

- 2 -

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## III. Discussion

### A. Motion for summary judgment or in the alternative motion for partial summary judgment (doc. # 20)

#### 1. The Communications Act, claims under 47 U.S.C. § 553 and § 605

Plaintiff brings claims under 47 U.S.C. § 553 and § 605.[2] Section 605 prohibits the "unauthorized publication or use of communications." The Ninth Circuit has clarified that communications protected by § 605(a) include satellite television signals. *DirecTV v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). Section 553 prohibits the unauthorized reception of cable service.

There is some disagreement as to the extent of the overlap between the two statutes, but the court need not resolve the issue to decide this case. *Kingvision Pay Per View, Ltd. v. Guzman*, No. CV–07–0963–PHX–PGR, 2008 WL 1924988, at *1 (D.Ariz. Apr. 30, 2008) ("The position taken by a majority of courts is that signals broadcast through the air via radio and satellite are generally within the purview of § 605, including programming transmitted via satellite to cable operators for their transmission to cable subscribers, and signals broadcast through a coaxial cable system are generally within the purview of § 553."); *see also J & J Sports Prods. Inc. v. Mosqueda*, CV-12-0523 PHX DGC, 2013 WL 2558516, at *3 (D. Ariz. June 11, 2013). Even where both sections are applicable, damages typically are awarded only under § 605. *Id.*; *see also Kingvision Pay–Per–View. Ltd. v. Backman*, 102 F.Supp.2d 1196, 1197 (N.D.Cal. 2000).

"[T]o be held liable for a violation of § 605, a defendant must be shown to have (1) intercepted or aided the interception of, and (2) divulged or published, or aided the divulging or publishing of, a communication transmitted by plaintiff." *Nat'l Subscription Television v. S & H TV*, 644 F.2d 820, 826 (9th Cir. 1981); *see also DirecTV*, 545 F.3d at 844 ("Section 605(a) of the Communications Act prohibits the unauthorized receipt and use of radio communications for one's 'own benefit or for the benefit of another not entitled thereto.'").

Defendants argue that they reasonably relied upon Dish Network and its agents to properly

---

[2] The court discusses both statutes however, *see infra* II.B., as the court grants summary judgment in favor of defendants as to plaintiff's § 553 claim. Therefore the court focuses its discussion as to § 605.

install the satellite system at the commercial establishment such that it was providing lawful television signals. Defendants state that they had no reason to know that there was any problem with the system when they ordered the program through Dish Network and believed they were making a legitimate pay-per-view purchase of the program. Defendants rely on *J & J Prods., Inc. v. Schmalz*, 745 F. Supp. 2d 844 (S.D. Ohio 2010), for the proposition that a signal provider can authorize a commercial establishment to show a program without the commercial distributor's authorization. Thus, defendants argue that they were authorized to receive the signal and display the program by Dish Network.

The court declines to grant summary judgment in favor of defendants as to plaintiff's § 605 claim. Defendants have not set forth any facts to demonstrate that plaintiff cannot establish the elements to warrant imposition of liability under 47 U.S.C. § 605. Specifically, defendants have not shown that they were authorized by the sender to receive the program.

Defendants' argument that the signal provider, here Dish Network, authorized the broadcast is unpersuasive for two reasons. Defendants' reliance on *Schamlz* is inapposite because in that case the court specifically interpreted § 553, *see* 745 F. Supp. 2d at 851, and the court declines defendants' invitation to construe this case as holding that "the authorization necessary to absolve a defendant of liability in TV signal piracy cases can come from a company other than [the commercial distributor] and moreover from someone who was in fact not authorized by the plaintiff to then authorize someone else." (Doc. # 25, 3:5-8). Second, even if the court were inclined to apply the *Schmalz*'s holding as broadly as defendants wish, the signal provider in *Schmalz* had explicitly acknowledged responsibility for permitting the commercial establishment to broadcast the program. Here, Dish Network has made no such admission of responsibility.

Therefore, the court finds that defendants have neither presented evidence to negate an essential element of plaintiff's § 605 claim nor shown that plaintiff failed to make a showing sufficient to establish an element essential to this claim. *See Celotex Corp.*, 477 U.S. at 323–24. Defendant's motion for summary judgment as to plaintiff's § 605 claim is DENIED.

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

### 2. Conversion

Plaintiff brings a cause of action for conversion. Conversion is "a distinct act of dominion wrongfully exerted over another's personal property in denial of, or inconsistent with his title or rights therein or in derogation, exclusion, or defiance of such title or rights." *Wantz v. Redfield*, 326 P.2d 413, 414 (Nev. 1958).

Defendants set forth two arguments as to why the court should find for defendants on plaintiff's conversion claim. First, defendants argue that plaintiff's conversion claim fails because plaintiff's claims under the federal statutes also fail. But the court does not grant summary judgment in favor of defendants as to both of plaintiff's federal claims–therefore, the court declines to find for defendants on plaintiff's conversion claim based on this same reasoning. Second, defendants argue that plaintiff has not identified its damages if it prevailed on its conversion claim. However, the court does not find that plaintiff need identify the amount of damages incurred in order to establish liability on its conversion claim.[3]

Defendant's motion for summary judgment as to plaintiff's conversion claim is denied. Defendants have neither presented evidence to negate an essential element plaintiff's conversion claim nor shown that plaintiff failed to make a showing sufficient to establish an element essential to this cause of action. *See Celotex Corp.*, 477 U.S. at 323–24. This request is DENIED.

### 3. Individual liability

Plaintiff seeks to hold Macias individually liable for the alleged violations of 47 U.S.C. § 553 and § 605. To hold a person liable in his or her individual capacity, the plaintiff must demonstrate that the individual authorized the violation or had both a right and ability to supervise the violations

---

[3] In any event, it appears that plaintiff produced to defendants during discovery a rate card and its estimation of persons present at the time the event was broadcasted–putting plaintiff's damages at $1,600 in the event it prevailed on its conversion claim. (*See* doc. # 20, Ex. 6, pp. 22, 36); *see also J & J Sports Prods., Inc. v. Guzman*, 2:12-CV-01483-RCJ, 2013 WL 1003600 (D. Nev. Mar. 12, 2013) ("Compensatory damages for conversion equal the value of the thing taken from the plaintiff, which in this case is likely equal to what it would have cost Defendants legally to sublicense the public rebroadcast of the match through Plaintiff." *Id.* at *2).

James C. Mahan
U.S. District Judge

- 6 -

1   and a strong financial interest in such activities. *See Joe Hand Promotions, Inc. v. Soviero*, 11 CV
2   1215 NGG, 2012 WL 3779224, at *9 (E.D.N.Y. July 31, 2012) report and recommendation adopted,
3   11-CV-1215 NGG CLP, 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012).

Defendants argue that there is no evidence that Macias is individually liable because he did not authorize any violation and did not derive any financial benefit from the broadcast of the event. Plaintiff responds that Macias has acknowledged that he is the owner of La Reyna Mexican Restaurant & Mariscos, LLC and according to the Nevada Secretary of State, Macias is listed as the only member/officer of the commercial establishment.

The court finds that there is a genuine issue of material fact as to whether Macias had a right and ability to supervise the activity in the restaurant and had a strong financial interest therein. The request to dismiss Macias from this action due to the lack of individual liability, either contributory or vicarious, is DENIED.

### 4. Enhanced statutory damages

Title 47 U.S.C. § 605 states, in part:

> In any case in which the court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory, by an amount of not more than $100,000 for each violation of subsection (a) of this section.

47 U.S.C. § 605(e)(3)(C)(iii).

Defendants argue that there is no evidence that they willfully violated either of the federal statutes for commercial advantage or private financial gain, and therefore plaintiff cannot recover enhanced statutory damages. Defendant points to an absence of evidence on factors that courts generally consider in the context of TV signal piracy cases. *See Joe Hand Promotions, Inc. v. Kaczmar*, 08 C 2910, 2008 WL 4776365, at *2 (N.D. Ill. Oct. 29, 2008) ("(1) the number of violations; (2) defendant's unlawful monetary gains; (3) plaintiff's significant actual damages; (4) whether defendant advertised for the event; and (5) whether defendant collected a cover charge on the night of the event.").

. . .

James C. Mahan
U.S. District Judge

- 7 -

1    Plaintiff does not contest that these factors exist and therefore warrant the imposition of
2    enhanced statutory damages. Instead, plaintiff retorts that the interception of the broadcast itself and
3    its display to commercial patrons free of charge is also a consideration as to whether enhanced
4    damages should be applied, s*ee Joe Hand Promotions, Inc. v. Wing Spot Chicken & Waffles, Inc*.,
5    4:12CV64, 2013 WL 394000, at *8 (E.D. Va. Jan. 30, 2013), and that there remains a genuine issue
6    of material fact on this issue.

7    Plaintiff's argument is unpersuasive–to impose enhanced statutory damages for the same
8    conduct that imposes liability for the statute in general sidesteps the purpose of enhanced damages.
9    The court finds that defendants have shown that plaintiff has failed to make a showing sufficient to
10   establish that it is entitled to enhanced statutory damages. *See Celotex Corp.*, 477 U.S. at 323–24.
11   Defendants request for summary judgment on this issue is GRANTED.

12   **B.     Motion for partial summary judgment for ruling that plaintiff must make an**
13   **election to recover under its theories of statutory violation of signal piracy laws**
14   **or conversion, not both (doc. # 21)**

15   Defendants seek a legal ruling to clarify that plaintiff cannot obtain duplicative recovery in
16   the operative complaint. Specifically, defendants argue that plaintiff cannot recover under both the
17   federal signal piracy statutes, and further that plaintiff cannot recover for conversion in addition to
18   the federal statutes.

19   As to defendants' initial contention regarding plaintiff's ability to recover under both 47
20   U.S.C. § 605 and § 553, plaintiff concedes that there is a split amongst district courts as to whether
21   an interception may violate both 47 U.S.C. § 605 and § 553. (*See* doc. # 24, 3:7-13). Specifically,
22   plaintiff acknowledges that most courts have found that § 605 applies to satellite interceptions and
23   § 553 applies to cable interceptions.

24   Here, defendants have admitted to obtaining the program via a satellite provider, Dish
25   Network. (*See* doc. # 20). While defendants' motion fails to connect their argument to the facts of
26   this case, the court finds it appropriate to determine what statute plaintiff may appropriately recover
27   under. Defendants have satisfied their burden by establishing that they received the broadcast via
28

**James C. Mahan**
**U.S. District Judge**

- 8 -

1  satellite, therefore recovery under § 605 is appropriate.[4] *J & J Sports Prods., Inc. v. Delgado*, CIV. 2:10-2517 WBS, 2012 WL 371630, at *3 (E.D. Cal. Feb. 3, 2012) (denying liability under § 553 where there was no evidence that defendant used a cable signal to intercept a program). This request is GRANTED, and plaintiff may only seek recovery under § 605.

As to defendants' second contention that plaintiff cannot collect damages pursuant to its conversion claim because it is duplicative of any recovery under the federal statute, the court finds this argument premature. Whether plaintiff can prove liability under its conversion claim is yet to be determined. The court will not foreclose plaintiff's ability to proceed on this theory of liability just because recovery under this cause of action may be cumulative of recovery under the federal statute. As this stage, plaintiff has not proven defendants' liability under either theory–therefore it is premature to find that recovery under one theory is duplicative of the other. This request is DENIED, plaintiff may proceed under its § 605 claim and under its cause of action for conversion.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants La Reyna Mexican Restaurant & Mariscos, LLC and Nasario Macias' motion for summary judgment or in the alternative motion for partial summary judgment (doc. # 20) be, and the same hereby, is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that defendants' motion for partial summary judgment for ruling that plaintiff must make an election to recover under its theories of statutory violation of signal piracy laws or conversion, not both (doc. # 21) be, and the same hereby is, GRANTED in part and DENIED in part.

DATED August 5, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[4] Further, plaintiff agrees to proceed under § 605 in the event that the court found that defendants met their burden by admitting that the program was received via satellite.

James C. Mahan
U.S. District Judge

- 9 -